## CRAWFORD v. GRAND SALINE LUMBER & SUPPLY CO.   (No. 9513.)

(Court of Civil Appeals of Texas. Dallas. Feb. 6, 1926.)

1. Homestead ⬥56.

Abandonment of existing homestead is condition precedent to acquisition of another.

2. Homestead ⬥95 — Unexecuted intent to abandon homestead, so as to acquire new one not subject to mechanics' liens, is insufficient, without discontinuing use of former homestead, with intent not to use it again as such (Const. art. 16, § 37).

One residing on tract as homestead at time of contracting for erection of house on another tract, with intent to make latter his place of residence on completion of house, could not claim it as homestead not subject to mechanics' and materialmen's liens, given by Const. art. 16, § 37; unexecuted intent to abandon homestead being insufficient, without discontinuance of its use with intent not to use it again as such.

Appeal from District Court, Van Zandt County; Joe R. Bond, Judge.

Action by the Grand Saline Lumber & Supply Company against A. M. Crawford. From a judgment for plaintiff, defendant appeals. Affirmed.

Wynne & Wynne, of Wills Point, for appellant.

Arthur A. Diehl, of Ranger, for appellee.

LOONEY, J. The Grand Saline Lumber & Supply Company, appellee, sued A. M. Crawford, appellant, to recover the balance due on a promissory note and to foreclose the mechanic's, artisan's, and materialman's lien given by section 37 of article 16 of the Constitution, on four acres of land and the improvements erected thereon by appellee, situated at Fruitvale, Van Zandt county, Tex.

Appellant, in answer to the suit, pleaded a general denial, and specially answered, denying the existence of any valid lien as claimed by appellee, for the reason that, at the time he made the contract with appellee for the erection of the house at Fruitvale, and at the time of the erection of the same, the four acres of land on which it was erected constituted a part of his homestead. Appellant also alleged that he had been adjudicated a voluntary bankrupt by the United States District Court for the Eastern District of Texas, and received a discharge. As no material question arising from these bankruptcy proceedings is presented for our consideration, that matter will not be further noticed.

At the conclusion of the evidence the court directed a verdict for appellee, and judgment was accordingly rendered in its favor, establishing its debt as a valid lien against the land and improvements, and foreclosing the same, but owing to appellant's discharge in bankruptcy, no personal judgment for debt was rendered against him. From this judgment, appellant has appealed, and complains of the action of the court in directing the verdict against him.

The facts are undisputed that appellant, a married man, had owned, resided upon with his family, and used for purposes of a home a tract of 220 acres of land located about 3½ miles from the town of Fruitvale, Van Zandt county, from the year 1905 until about June 1, 1920. Some time prior to March 8, 1920, appellant purchased 4 acres of unimproved land at Fruitvale, with the view of having a residence erected thereon for the use of himself and family as a home. Appellant's reason for desiring a new homestead was that he might be nearer the railroad and school.

On March 8, 1920, appellant entered into a written contract with appellee to furnish all material and labor and erect for him on the four acres a residence, to cost the sum of $3,815.55. This contract was not signed nor acknowledged by his wife. At the time the contract was made, appellee knew that it was the intention of appellant, on completion of the house, to move upon the 4 acres and make the same his homestead. On completion of the house about June 1, 1920, appellant, with his wife and family, moved on the place, and have since occupied and used same as their homestead.

Appellant's claim of homestead is based on the fact of his intention to use the 4 acres and improvements, when completed, as a place of residence for himself and family. The evidence shows that, at the time appellant contracted with appellee for the erection of the house, he and family were residing on the 220-acre tract above mentioned; that the same was then, and had been since 1905, their homestead, and remained such until they abandoned it, about June 1, 1920, when they moved to the new house on the 4-acre tract at Fruitvale.

[1, 2] The decisions of the courts of this state are uniform in holding that abandonment of an existing homestead is a condition precedent to the acquisition of another, and

that this cannot be accomplished by an unexecuted intention so to do. More is required. There must also be a discontinuance ·of the use of the former homestead, coupled with the intent not to again use it as such. Under such circumstances, without abandoning the existing homestead, no right to establish another exists. The rule announced by the Commission of Appeals, approved by the Supreme Court, in Clem Lumber Co. v. Elliot, 254 S. W. 935, supported by the authorities cited, is the law of this case, under authority of which the contention of appellant must be overruled, and the case affirmed.

Affirmed.